FILED
9/24/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

KSR

Judge Matthew F. Kennelly
Magistrate Judge Maria Valdez
RANDOM/CAT 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARVIN REED<br><br>           Defendant. | Case No.:<br><br>Violations: Title 18, United States Code, Section 1343<br><br>FILED UNDER SEAL |

## INDICTMENT

### COUNTS ONE through FIFTEEN

### (18 U.S.C. § 1343 – Wire Fraud)

THE SPECIAL MAY 2024 GRAND JURY CHARGES:

1. At all times material to this Indictment:

**Payroll Protection Program Loans**

a. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

1

b. In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

c. A PPP loan application had to be processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were 100% guaranteed by the Small Business Administration ("SBA"). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

d. PPP loan proceeds had to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time after receiving the proceeds and used a certain amount of the PPP loan

proceeds on payroll expenses.

### The Defendant and Relevant Entities

e. Defendant Marvin REED ("REED") was a resident of Cook County within the Northern District of Illinois.

f. REED was the owner, registered agent, banking signatory, and/or otherwise affiliated with the following entities: (1) Everything Is Everything, LLC; (2) Friendship Matters, LLC; (3) Go Get It Then, LLC; (4) Let The Truth Be Told, LLC; (5) ( Just To Be Close, LLC; (6) Save The World, LLC; (7) Full Disclosure Multimedia, LLC; (8) Better Life Now, LLC; (9) Almost There Yet, LLC; (10) Crazy About You, LLC; (11) Change The World Investments, LLC; (12) Do Your Job Now, LLC; and (13) Divine Revelation Entertainment LLC (collectively, the "Defendant Entities"). Each of the Defendant Entities were registered in the State of Illinois and located within the Northern District of Illinois. Each of the Defendant Entities were formed between in or around April 2020 and August of 2020.

g. The SBA was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting the economic recovery of communities after disasters.

h. Lending Entity 1 was an online financial technology company based in San Francisco, California. The company provided loans and funding to small businesses.

i. Lending Entity 2 was an online financial technology company based in Atlanta, Georgia. The company provided loans and funding to small businesses.

j. Lending Entity 3 was a private lender based in Coral Gables, Florida. The company provided loans to small businesses.

k. Banking Entity 1 was a financial institution based in Cincinnati, Ohio.

l. Banking Entity 2 was a financial institution based in Boston, Massachusetts.

m. Banking Entity 3 was a financial institution based in San Francisco, California.

n. Banking Entity 4 was a financial institution based in Detroit, Michigan.

o. Banking Entity 5 was a financial institution based in New York, New York.

p. Banking Entity 6 was a financial institution based in Columbus, Ohio.

q. Banking Entity 7 was a financial institution based in Chicago, Illinois.

r. Banking Entity 8 was a financial institution based in Atlanta, Georgia.

s. Banking Entity 9 was a financial institution based in Pittsburgh, Pennsylvania.

t. Banking Entity 10 was financial institution based in Charlotte, North Carolina.

u. Banking Entity 11 was a financial institution based in Minneapolis, Minnesota.

4

v. Banking Entity 12 was a financial institution based in Chicago, Illinois.

2. From at least in or around May 2020 through at least in or around April 2021, in the Northern District of Illinois, and elsewhere,

MARVIN REED,

defendant herein, and others known and unknown to the Grand Jury, knowingly participated in a scheme to defraud the Small Business Administration, Lending Entity 1, Lending Entity 2, and Lending Entity 3 and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, transmitted over wire communication in interstate commerce, which scheme is further described below.

### **Purpose of the Scheme and Artifice**

3. It was the purpose of the scheme and artifice for defendant REED to unlawfully enrich himself by: (a) submitting and causing the submission of false and fraudulent loan applications to the Small Business Administration and SBA sponsored lenders, including Lending Entity A, (b) obtaining money by means the false and fraudulent loan applications, and (c) concealing and causing the concealment of the scheme.

### **The Scheme and Artifice**

4. It was part of the scheme and artifice that REED submitted at least 15 false and fraudulent PPP loan applications for entities he owned and controlled and for himself. These applications contained false statements and representations regarding whether the businesses (except for Full Disclosure Multimedia, LLC) were actually operational, the businesses' number of employees and average monthly

payroll, and whether the businesses issued wage statements to the Internal Revenue Service ("IRS").

5. It was further part of the scheme that REED created numerous entities, all of which shared an address with REED's home.

6. It was further part of the scheme that REED requested Employer Identification Numbers ("EIN") from the IRS for the entities and misrepresented each entity's number of employees.

7. It was further part of the scheme that REED opened bank accounts that he controlled with Banking Entities 1 through 12 for the fraudulent entities.

8. It was further part of the scheme that the funds for the PPP loans were disbursed to REED into the bank accounts that he owned and controlled with Banking Entities 1 through 12.

9. It was further part of the scheme that, as a result of the fraudulent PPP applications submitted by REED, the PPP and the SBA and its approved lenders suffered a loss of more than $750,000.

10. It was further part of the scheme that, as a result of the fraudulent PPP applications and loans, REED obtained at least approximately $750,000.

11. It was further part of the scheme that REED concealed and caused to be concealed the steps taken in furtherance of the scheme.

12. The false and fraudulent payroll information contained in the PPP loan applications was material insofar as it induced Banking Entities 1 through 3 to disburse funds to REED which he was not eligible to receive. Each of the false PPP loan applications set forth herein were submitted through wire communications used in interstate commerce.

**Acts in Furtherance of the Scheme and Artifice**

13. On or about the dates set forth as to each count below, in the Northern District of Illinois, and elsewhere,

MARVIN REED,

defendant herein, as set forth below, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, listed below, each such writing, sign, and signal constituting a separate count:

| COUNT | Wire Transmission | Applicant Entity | Approx. Loan Amount | Lender |
|---|---|---|---|---|
| 1 | May 8, 2020 PPP loan application | Full Disclosure Multimedia LLC | $52,083 | Lending Entity 1 |
| 2 | July 9, 2020 PPP loan application | Divine Revelation Entertainment LLC | $53,125 | Lending Entity 2 |
| 3 | July 15, 2020 PPP loan application | Let The Truth Be Told LLC | $53,229 | Lending Entity 2 |
| 4 | July 18, 2020 PPP loan application | Save The World LLC | $53,229 | Lending Entity 2 |
| 5 | July 21, 2020 PPP loan application | Better Life Now LLC | $53,229 | Lending Entity 2 |
| 6 | July 21, 2020 PPP loan application | Almost There Yet LLC | $53,229 | Lending Entity 2 |
| 7 | July 22, 2020 PPP loan application | Crazy About You LLC | $53,229 | Lending Entity 2 |
| 8 | July 24, 2020 PPP loan application | Change The World Investments LLC | $53,229 | Lending Entity 2 |
| 9 | July 26, 2020 PPP loan application | Do Your Job Now LLC | $53,229 | Lending Entity 2 |

| 10 | July 30, 2020 PPP loan application | Everything Is Everything LLC | $53,229 | Lending Entity 2 |
| 11 | July 30, 2020 PPP loan application | Friendship Matters LLC | $53,229 | Lending Entity 2 |
| 12 | August 1, 2020 PPP loan application | Go Get It Then LLC | $53,229 | Lending Entity 2 |
| 13 | August 7, 2020 PPP loan application | Just To Be Close LLC | $53,229 | Lending Entity 2 |
| 14 | February 27, 2021 PPP loan application | Full Disclosure Multimedia | $52,083 | Lending Entity 1 |
| 15 | April 28, 2021 PPP loan application | Marvin Reed | $20,833 | Lending Entity 3 |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

14. The allegations contained in paragraphs 1 through 13 of this Indictment are incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 928(a)(2)(a).

15. As a result of violating 18 U.S.C. § 1343, as set forth in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, from the offenses charged in Counts One through Fifteen and the following:

16. Money Judgment. A sum of money equal to an amount as is proved at trial in this matter, representing the total amount of gross proceeds obtained as a result of the defendant's violations as alleged in this Indictment.

8

17. Substitute Assets: If all or any of the forfeitable property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL

_____
FOREPERSON

_____
GLENN S. LEON
U.S. Department of Justice
Criminal Division, Fraud Section
Chief

_____
AARON I. HENRICKS
U.S. Department of Justice
Criminal Division, Fraud Section
Trial Attorney